In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Lands on West 205th Street in the Borough of Manhattan.

In the Matter of NORTHERN TERMINAL CORPORATION OF NEW YORK, Appellant; THE CHAMBERLAIN OF THE CITY OF NEW YORK et al., Respondents.

**New York city — condemnation proceedings — conflicting claims to award — money paid into court — erroneous refusal of Appellate Division to direct payment of awards to rightful owner on ground its right thereto is so clear that money should not have been paid into court.**

Under section 1439 of the charter of the city of New York (L. 1915, ch. 596), providing that where there are conflicting claims to an award in condemnation proceedings the money shall be paid into court and be paid out as the Appellate Division in the judicial department where the property is situated shall direct, it is error for the Appellate Division to decline to make an order directing payment of moneys on the ground that the petitioner's right thereto is so clear and certain that the moneys should never have been paid into court. They should be paid forthwith to the treasurer of the petitioner, a corporation, where-upon the face of the record the undisputed facts show that he was lawfully elected.

*Matter of City of New York (West 205th St.)*, 219 App. Div. 459, reversed.

(Argued May 31, 1927; decided July 20, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

32

ment, entered February 18, 1927, which unanimously denied an application for an order directing payment of an award made in condemnation proceedings.

*Charles J. Nehrbas* and *Herbert R. Kaus* for appellant. Appellant's application was properly made to the Appellate Division in the first department. (*Heiser* v. *Mayor, etc.,* 104 N. Y. 68; *Matter of Trull* v. *O'Brien,* 210 App. Div. 628; 240 N. Y. 587; *Matter of City of New York,* 114 App. Div. 519.) The chamberlain should be ordered to draw his warrant to the order of the Northern Terminal Corporation of New York, and to deliver the warrant to the company's treasurer. (*Vernon Soc.* v. *Hills,* 6 Cow. 23; *All Saints Church* v. *Lovett,* 1 Hall, 213; *Ebaugh* v. *German Reformed Church,* 3 E. D. Smith, 60; *Lewis* v. *Matthews,* 161 App. Div. 107; *Wallace* v. *Walsh,* 125 N. Y. 26; *Matter of Ringler & Co.,* 204 N. Y. 30; *MacMahon* v. *Stepney Agency,* 140 App. Div. 554.)

*George P. Nicholson,* Corporation Counsel, *J. Joseph Lilly* and *A. S. Aleinkoff* for chamberlain of city of New York, respondent.

*W. B. Roulstone* and *Ralph G. Gordon* for James N. Butterly, respondent.

*Per Curiam.* The Greater New York charter, in section 1439 (Laws 1915, ch. 596), provides that in condemnation proceedings, "where there are adverse or conflicting claims to the money awarded as compensation, the city shall pay such award into court" and that such moneys shall "be paid out as the Appellate Division of the supreme court in the judicial department in which the real property for which the award was made is situated, shall direct." Moneys to which the applicant, the Northern Terminal Corporation of New York, became entitled in condemnation pro-

ceedings, were paid into court by the comptroller, under the section cited, because of a doubt arising as to which of two sets of rival claimants were the duly elected officers of such corporation, entitled to act in receiving the moneys for it.  The Appellate Division of the first department has declined to make an order directing the payment of the moneys to the Northern Terminal Corporation, for the reason, not that there was doubt as to its right thereto, but that its undisputed right was so clear and certain that the moneys should never have been paid into court.  However this may have been, the fact remains that the moneys are in court awaiting an order of disbursement by the Appellate Division to their rightful owner.  They certainly should not forever remain undisbursed because they may have been wrongly lodged in court.  We think that they should be paid out forthwith to the Northern Terminal Corporation of New York.  We think, also, that a check for the moneys, payable to such corporation, may properly be delivered into the hands of Frank J. Heaney as treasurer of the corporation.  The facts are not in dispute, upon the face of this record, that he is the lawfully elected treasurer of the corporation; that he was duly elected by its directors; that the directors electing him were themselves elected at a regularly called meeting of stockholders; that two-thirds of the stockholders of record of such corporation attended in person or by proxy at the meeting; that the directors elected were themselves stockholders.

The order of the Appellate Division should be reversed and the application granted for the payment of the moneys to the Northern Terminal Corporation of New York in accordance with this opinion, with costs in the Appellate Division and in this court.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS and KELLOGG, JJ., concur; O'BRIEN, J., not sitting; LEHMAN, J., absent.

Ordered accordingly.